<u>NOT FOR PUBLICATION</u>                                                          <u>CLOSED</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERNESTO DELVALLE, | : |
| Petitioner, | : Civil Action No. 96-1995 (FSH) |
| v. | : **MEMORANDUM AND ORDER** |
| WILLIS MORTON, | : |
| Respondent. | : |

IT APPEARING THAT:

1. This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 was denied on August 8, 1996.

2. Petitioner filed, on March 5, 2014, a letter requesting relief under Federal Rule of Civil Procedure 60(b).[1]  Petitioner bases his argument on the matter of *Alleyne v. United*

---

[1] Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:
    (1) mistake, inadvertence, surprise or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6) any other reason that justifies relief.

*States*, 133 S.Ct. 2151 (2013); however, *Alleyne* may not be applied retroactively. *See United States v. Galindez*, 2014 U.S.App. LEXIS 2887, at *5, 2014 WL 594329 (Feb. 18, 2014) ("*Alleyne* … has not been made retroactively applicable by the Supreme Court") (citing *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013)).

THEREFORE, it is on this 14th day of April, 2014;

ORDERED that the Clerk of the Court shall re-open the file in this matter; and it is further

ORDERED that the Petitioner's request for reconsideration is DENIED; and it is finally

ORDERED that the Clerk of the Court shall close the file in this matter.

        s/ Faith S. Hochberg
        FAITH S. HOCHBERG
        United States District Judge

---

"'The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Walsh v. Krantz*, 423 F. App'x 177, 179 (3d Cir. 2011) (per curiam) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 568 (3d Cir. 2012) (per curiam) (citing *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)). "Rule 60(b) provides that a motion for relief from judgment or order 'shall be made within a reasonable time,' or if based on mistake, newly discovered evidence, or fraud, 'not more than one year after the judgment, order, or proceeding was entered or taken.'" *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).