# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERNESTO DELVALLE,<br><br>Petitioner,<br><br>v.<br><br>WILLIS MORTON, et al.,<br><br>Respondents. | Civil Action No. 96-1995 (SDW)<br><br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about April 30, 1996, Petitioner, Ernesto Delvalle, filed a petition for a writ of habeas corpus challenging his 1990 state court conviction.

2. On August 8, 1996, Judge Barry dismissed that petition. (ECF No. 7). Petitioner contends that this dismissal occurred because his petition was a second or successive habeas petition brought without leave of the Court of Appeals because Petitioner had a previous habeas petition dismissed in 1995. (*See* ECF No. 12 at 1).

3. Almost eighteen years later, Petitioner filed a motion with the Court seeking relief from the dismissal of his 1996 habeas petition pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF No. 8). In that motion, Petitioner stated his intent to raise a claim under *Alleyne v. United States*, 570 U.S. 99 (2013), which Petitioner mistakenly believed would be retroactively applicable to his conviction. (*Id.* at 1-2). Petitioner's motion also contained approximately twenty additional pages in which he presented excerpts from various cases on the AEDPA statute of limitations applicable to § 2254 habeas petitions and the procedural default doctrine, presumably in an attempt to show that his *Alleyne* claim should not be barred by either the limitations period or default doctrine. (*Id.* at 3-23). Petitioner also mentioned in his letter that he believed he suffered

1

ineffective assistance of both trial and PCR counsel, but does not explain or provide the factual basis for either claim, and it is not clear whether these claims were part of his original petition or also represent new claims he wished to bring in 2014. (*Id.*).

4. On April 14, 2014, Judge Hochberg entered an order denying Petitioner's Rule 60(b) as *Alleyne* had been held not to be retroactively applicable and Petitioner had not clearly presented any other basis for relief from the Court's dismissal of his habeas petition in his motion. (ECF No. 10).

5. Over three and a half years later, on or about January 11, 2018, Petitioner filed with the Court a second Rule 60(b) motion. (ECF No. 12). This "new" motion is, in for all practical purposes identical to the Rule 60(b) motion that Judge Hochberg denied in 2014. (*Id.*).

6. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). While Rules 60(b)(1)-(5) permit reopening a judgment for specific, enumerated reasons including fraud or mistake, Rule 60(b)(6) permits a party to seek relief form a final judgment for "any . . . reason that justifies relief." "The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show 'extraordinary circumstances' to justify reopening a final judgment." *Michael v. Wetzel*, 570 F. App'x 176, 180 (3d Cir. 2014) (quoting *Gonzalez*, 545 U.S. at 536). "[A] showing of extraordinary circumstances involves a showing that without relief from the judgment, 'an

2

"extreme" and "unexpected" hardship will result.'" *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (quoting *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977)).

7. Motions for relief from a final judgment brought pursuant to Rule 60(b) must also be filed within a "reasonable time" of the entry of the original judgment. Fed. R. Civ. P. 60(c). What is reasonable in a given case depends on the circumstances of that case, and a determination of reasonableness rests on factors such as "finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties." *See In Re Diet Drugs(Phentermine/Fenfluramine/Dexfenfluramine) Product Liability Litigation*), 383 F. App'x 242, 246 (3d Cir. 2010). Indeed, Rule 60 motions based on fraud, mistake, or newly discovered evidence must be filed within a year of the entry of judgment, and the Third Circuit has found that a delay as short as a year can be sufficient to render the filing of a Rule 60 motion untimely where the interests of finality and the potential for prejudice so warrant. *See* Fed. R. Civ. P. 60(c)(1); *In Re Diet Drugs*, 383 F. App'x at 246.

8. In this matter, Petitioner filed his initial Rule 60(b) motion eighteen years after his petition had been dismissed, and then filed his second Rule 60(b) motion three and a half years after his first such motion was denied. By any stretch of the imagination, the delay of well over two decades between the order Petitioner challenges, the dismissal of his habeas petition in 1996, and the filing of his current Rule 60(b) motion fails to constitute a "reasonable time." To the extent that Petitioner's current filing is, indeed, a Rule 60(b) motion and not a successive habeas petition in disguise, his motion is well and truly time barred and must be denied as untimely filed.

9. In both of his Rule 60(b) motions, however, Petitioner raised at least one new claim not raised in his previously dismissed habeas petitions – his *Alleyne* claim. As the Supreme Court explained in *Gonzalez*, habeas petitioners may not file a second or successive habeas petition in

3

the district court without first obtaining leave from the Court of appeals. 545 U.S. at 530. In *Gonzalez*, the Court further explained that where a filing presented as a Rule 60(b) motion contains a new claim for relief not presented in the original petition, such as a claim based on a claim based on "a subsequent change in substantive law" or a new rule of constitutional law made retroactive on collateral review, that motion is, in fact, a second or successive habeas petition which must be dismissed by the District Court unless the Petitioner has secured leave of the Court of Appeals. *Id.* at 530-531. Because Petitioner's Rule 60(b) motions contain *at least* one claim not contained in his prior petition – the *Alleyne* claim – his Rule 60(b) motion is also subject to dismissal because his motion is in actuality a second or successive habeas petition and Petitioner has not secured leave from the Court of Appeals. Petitioner's motion must therefore also be dismissed for lack of jurisdiction because it is a successive habeas petition brought without leave of the Court of Appeals.[1] *Id.*

11. In conclusion, Petitioner's motion is DENIED as untimely filed to the extent it is a Rule 60(b) motion, and is DISMISSED for lack of jurisdiction to the extent it is in fact a second or successive habeas petition brought without leave of the Court of Appeals. An appropriate order follows.


Dated: March 9, 2018                                *s/ Susan D. Wigenton*
                                                    Hon. Susan D. Wigenton,
                                                    United States District Judge

---

[1] As Judge Hochberg previously noted, *Alleyne* has not been made retroactive to collateral review cases, *see, e.g., United States v. Reyes*, 755 F.3d 210, 213 (3d Cir. 2014). Petitioner therefore cannot make a prima facie showing that his new claim could satisfy the gatekeeping requirements of 28 U.S.C. § 2244 for the authorization of a second or successive habeas petition, and it would therefore not be in the interest of justice to transfer his motion to the Third Circuit. *See, e.g., United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). His motion must therefore be dismissed to the extent it is in fact a second or successive habeas petition.